UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61596-CIV-ZLOCH

EDWARD RENE SANZ,

      Petitioner,

vs.                                                    **FINAL ORDER OF DISMISSAL**

UNITED STATES OF AMERICA,

      Respondent.
_____/

    THIS MATTER is before the Court upon the Report Of Magistrate Judge (DE 7) filed herein by Magistrate Judge Patrick A. White. The Court has carefully reviewed said Report and the entire court file and is otherwise fully advised in the premises.

    Petitioner was convicted of conspiracy to import five kilograms or more of cocaine and was sentenced to a term of 50 months imprisonment, and his current projected release date is October 16, 2008. Petitioner filed for an Administrative Remedy with the Bureau of Prisons (hereinafter "BOP"), requesting that he be considered for a transfer to a Community Control Center (hereinafter "CCC"), commonly referred to as a "halfway house." His request was denied pursuant to 28 C.F.R. § 570.21, and he has exhausted administrative remedies.

    The instant Petition seeks a declaration from the Court that certain BOP regulations are invalid because they categorically exclude an inmate from being placed in a CCC until ten percent of his term of imprisonment remains, not to exceed six months. 28

C.F.R. §§ 570.20 & 570.21 (2008).[1]  Specifically, Petitioner requests that this Court issue a writ directing the BOP to consider him for placement in a CCC, despite the fact that he has more than ten percent remaining on his term.  Petitioner represents that he is presently approved for placement in a CCC on June 9, 2008.  DE 10.  However, he requests that the BOP consider placing him in a CCC effective April 20, 2008, the date on which Petitioner will have six months remaining on his sentence.  Id.

The issue before the Court is whether BOP regulations codified in 28 C.F.R. §§ 570.20 & 570.21 contradict the plain meaning of 18 U.S.C. § 3621(b), or otherwise constitute an abuse of discretion, thereby rendering them invalid.  In other words, can the BOP categorically exclude CCCs from being considered under § 3621(b) if the remainder the prisoner's term of imprisonment exceeds ten percent of his original sentence, or six months.  Section 3621(b) provides the following,

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
> 1) the resources of the facility contemplated;
> 2) the nature and circumstances of the offense;

---

[1] "The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the sentence, not to exceed six months." 28 C.F.R. § 570.21(a) (2008).

2

>   3) the history and characteristics of the prisoner;
>   4) any statement by the court that imposed the sentence-
>       A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>       B) recommending a type of penal or correctional facility as appropriate; and
>   5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
>   In designating the place of imprisonment or making transfers under this subsection, there <u>shall</u> be no favoritism given to prisoners of high social or exonomic status. The Bureau <u>may</u> at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau <u>shall</u> make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C. § 3621(b) (2006) (emphasis added). The plain meaning of § 3621(b) establishes that the BOP "shall designate the place of the prisoner's imprisonment," and that in making its designation, the BOP may select any facility that meets minimum standards. <u>Id.</u> Further, the plain meaning provides the BOP the discretion to transfer a prisoner "at any time." <u>Id.</u> Section 3621(b) does not compel the BOP, at any time, or in any set of circumstances, to review its designation of a facility; neither does it require the BOP to entertain requests for transfers from prisoners. <u>Id.</u> Rather, § 3621(b) requires that, in making its determination, the BOP consider five factors. <u>Id.</u>

The Court will deny the instant Petition on three grounds. First, the text of § 3621(b) is clear that the BOP may at its sole discretion review an application for transfer, but a prisoner is

not entitled to such a review.  Second, § 570.21(a) is promulgated pursuant to and consistent with § 3624(c), which prohibits the BOP from placing a prisoner in a halfway house prior to the last ten percent of the prisoner's original term of imprisonment, and not to exceed six months.  Third, the BOP's categorical exercise of discretion in adopting § 570.21(a) comports with Lopez v. Davis, 531 U.S. 230, 240-42 (2001).

First, while a prisoner is free to apply for a transfer at any time, the BOP is not required to review such an application under § 3621(b).  Petitioner does not contend that the BOP failed to consider the § 3621(b) factors upon his initial placement; rather, he argues that the BOP was required to review his request for transfer to a CCC and, in doing so again apply the five factors.

Petitioner's interpretation of the statute, which places a burden on the BOP to consider the § 3621(b) factors upon each request by a prisoner, exceeds the statute's plain meaning. Section 3621(b) contains no mandate that the BOP review applications for transfers.  The use of mandatory and permissive language throughout § 3621(b) makes this clear.  When Congress intended to mandate a particular action, it used the word "shall." Id. ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.").  Likewise, when Congress intended to leave a provision to the BOP's discretion, it used the term "may." Id. ("The Bureau may designate any available penal or correctional facility that meets minimum standards").  Thus, the provision

4

stating that "[t]he Bureau <u>may</u> at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another" provides the BOP with the discretion to entertain or reject applications for transfers as it sees fit.  If Congress had intended to grant prisoners an entitlement to petition for transfers, and likewise require that the BOP fully review all petitions in consideration of the 28 C.F.R. §§ 570.20 & 570.21  factors, it would have clearly expressed this intention.  Finding, no explicit statement regarding the same, the Court will not judicially impose such a burden, where Congress has not seen fit to impose one.

Second, by reading § 3621(b) together with § 3624(c), it is clear that Congress intended to prohibit the BOP from transferring a prisoner to a CCC prior to the last ten percent of his term, not exceeding six months.  18 U.S.C. § 3624(c) (2006).[2]  Therefore, the Court finds that § 570.21(a) was promulgated pursuant to and consistent with §§ 3621(b) and 3624(c).

Third, the BOP's categorical exercise of discretion in adopting § 570.21(a) comports with <u>Lopez v. Davis</u>, 531 U.S. 230,

---

[2]Section 3624(c) provides that –
> The Bureau of Prisons <u>shall</u>, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

<u>Id.</u> (emphasis added).

5

240-42 (2001).  Although other Circuits have found that § 3621(b) requires the review of prisoner applications for transfer and a complete review of the factors therein contained, the Court is unpersuaded by the statutory interpretation applied in those cases. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007).  In contrast to those decisions, the First Circuit recently issued an opinion in which it found the that 28 C.F.R. §§ 570.20 & 570.21 constitute "a reasonable exercise of the BOP's discretion in carrying out its duties under 18 U.S.C. § 3621(b)."  Muniz v. Sabol, ___ F.3d ___, 2008 WL 497056, *9 (1st Cir. Feb. 26, 2008).  In addition, cases in the Southern District of Florida have upheld the validity of the BOP regulations.  See, e.g., Braswell v. Grayer, 2005 WL 5643874 (S.D. Fla. June 6, 2005) (reasoning that § 3624(c) prohibits placement prior to ten percent remaining); Corbett v. Pastrana, No. 07-23354-CIV-JORDAN; Fallon v. Pastrana, No. 08-20004-CIV-JORDAN; but see, Morrisson v. Pastrana, No. 07-22237-CIV-GOLD; Hicks v. Pastrana, No. 07-21532-CIV-SEITZ. The Court hereby adopts the reasoning of the First Circuit and of the Honorable Aldaberto Jordan and therefore finds that the BOP's categorical exclusion CCC's constitutes a reasonable exercise of its discretion.

    Accordingly, after due consideration, it is

    **ORDERED AND ADJUDGED** as follows:

1. The Court **DECLINES** to approve, adopt and ratify the Report Of Magistrate Judge (DE 7) filed herein by Magistrate Judge Patrick A. White; and

2. That Petioner Edward Rene Sanz's Petition For Writ Of Habeas Corpus (DE 1) be and the same is hereby **DENIED**; and

3. The above-styled cause be and the same is hereby **DISMISSED**; and

4. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___23rd___ day of April, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

The Honorable Patrick A. White
United States Magistrate Judge

All Counsel of Record

Edward Rene Sanz, pro se
Reg. No. 57156-004
F.D.C. Miami
P.O. Box 019120
Miami, FL 33101
Unit: B-West